Council 13, American Federation of State, County and Municipal Employees, AFL-CIO, By its Trustee Ad Litem, Edward J. Keller, Executive Director, Petitioner *v.* Commonwealth of Pennsylvania, Respondent.

Argued June 6, 1983, before President Judge CRUMLISH, JR. and Judges DOYLE and BARBIERI, sitting as a panel of three.

*Alaine S. Williams, Kirschner, Walters, Willig, Weinberg & Dempsey,* for petitioner.

*Robert F. Beck,* Assistant Counsel, with him *John D. Raup,* Chief Counsel, for respondent.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., August 26, 1983:

Council 13, American Federation of State, County and Municipal Employes, AFL-CIO (Union) appeals an arbitration award denying a grievance. We affirm.

Gamal Helmy, a Pennsylvania Department of Banking (Commonwealth) probationary employee, was discharged due to the "unsuccessful completion of [his] probationary period and inability or unwillingness to perform assigned duties in a manner consistent with the minimum standards prevailing for trainees" in his classification. The Commonwealth notified Helmy in writing of his rights under the Civil Service Act[1] and of his right to appeal through the Union[2] under the existing collective bargaining agreement.

On August 21, 1981, Helmy filed a grievance, alleging that he was discharged without just cause and that the Commonwealth had discriminated against him because of his national origin. While this grievance was pending, Helmy filed appeals with both the State Civil Service Commission and the Pennsylvania Human Relations Commission. Subsequently, Helmy withdrew these two latter actions.

The Commonwealth argued that Helmy waived his grievance right under the collective bargaining agreement by instituting the other actions. The arbitrator,

---

[1] The Act of August 5, 1941, P.L. 752, *as amended,* 71 P.S. §741.1.

[2] Helmy's former position with the Commonwealth is included in the bargaining unit represented by the Union.

after a full hearing, denied the grievance, concluding that Helmy's claim was not arbitrable.

Judicial review of an arbitrator's decision being highly circumscribed, the award will not be overturned if it draws its essence from the collective bargaining agreement. *Greater Johnstown Area Vocational-Technical School v. Greater Johnstown Area Vocational-Technical Education Association*, 69 Pa. Commonwealth Ct. 208, 450 A.2d 787 (1982). Our inquiry into the arbitrability of a grievance is limited to a determination of: (1) whether the parties entered into an agreement to arbitrate; and (2) whether the dispute falls within the arbitration clause. *Carmichaels Area School District v. Carmichaels Area Education Association*, 37 Pa. Commonwealth Ct. 141, 389 A.2d 1203 (1978), *aff'd*, 487 Pa. 15, 407 A.2d 382 (1979).

Section 903 of the Public Employe Relations Act (PERA)[3] provides for the arbitration of disputes arising out of the interpretation of a collective bargaining agreement. The grievance procedure is statutorily made a proper bargaining subject. The Commonwealth and the Union bargained for a multi-step grievance procedure, culminating in binding arbitration. The parties, however, agreed to the following limiting language:

## ARTICLE 39
## GRIEVANCES AND ARBITRATION

Section 1. Where an employe has the right to process a grievance through either the procedure provided herein or through the Pennsylvania Civil Service Commission, Equal Employment Opportunity Commission or Pennsylvania Human Relations Commission, and files an ap-

---

[3] Act of July 23, 1970, P.L. 563, *as amended*, 43 P.S. §1101.903.

peal with any of these Commissions while proceedings are taking place under the contract grievance procedure, *then the contract grievance procedure shall cease and shall not be permitted to be reinstituted.* If an appeal is filed with any such Commission the employe shall not be entitled to institute proceedings under the contract grievance procedure, all rights to do so being waived by the exercise of an option by the employe to utilize the other procedure. (Emphasis added.)

The arbitrator concluded, based on the wording of Article 39, that Helmy waived his rights to proceed with the grievance when he filed appeals with the Civil Service and Human Relations Commissions:

Article 39, Section 1 is clear that the grievance procedure ceases, once the grievant files an appeal with the Civil Service Commission.... The parties have set this standard themselves and apparently it is to preclude employees from filing actions in a number of forums for the same offense, or as the Employer states, to prevent "two bites at the apple."

The parties entered into an agreement to arbitrate, but Helmy, by his own decision to pursue other avenues of redress, took the dispute outside the precincts of the bargained for grievance mechanism. We conclude that the arbitrator's decision draws its essence from the collective bargaining agreement. Since the *validity* of the arbitrator's decision is *not* a matter of concern to this Court, *see Leechburg Area School District v. Dale,* 492 Pa. 515, 424 A.2d 1309 (1981), our inquiry ends.[4]

---

[4] We reject the Union's contention that Helmy was unaware of the collective bargaining agreement's prohibition against separate actions. The arbitrator found that Helmy was on clear notice of Article 39's effect, having been informed of such during the

Affirmed.

ORDER

The Arbitrator's Award, No. 88-B-2455-178-G4, in the above-captioned matter is hereby affirmed.

———

employee orientation program and having been notified in writing at the time of his termination of his rights to appeal under the collective bargaining agreement.